CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 29 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KITTY LYNN GISH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:04CV00621 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, ) | By: Hon. Glen E. Conrad |
| Commissioner of Social Security ) | United States District Judge |
| ) | |
| Defendant. ) | |

Plaintiff filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g).

The court's review is limited to determining whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Kitty Lynn Gish, was born on October 23, 1955. Ms. Gish was graduated from high school and completed two years of college. She has past work experience as an administrative assistant, retail truck loader, stacker, department manager, fast food manager, clerical worker and front end supervisor. Ms. Gish filed an application for disability insurance

benefits on December 11, 2002. She alleged that she became disabled for all forms of substantial gainful employment on April 1, 2002, due to chronic obstructive pulmonary disease and depression. Ms. Gish now maintains that she has remained disabled to the present time. The record reflects that Ms. Gish met the insured status requirements of the Act through the date of the Commissioner's decision. See generally, 42 U.S.C. §§ 414 and 423.

Ms. Gish's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 27, 2004, the Law Judge also determined that Ms. Gish is not disabled. The Law Judge found that Ms. Gish suffers from chronic obstructive pulmonary disease with tobacco abuse and depression. The Law Judge found that Ms. Gish's mental impairment impacts only minimally on her daily activities and is not severe. The Law Judge further determined that, while Ms. Gish's chronic obstructive pulmonary disease is severe within the meaning of the regulations, the impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. See 20 C.F.R. §§ 404.1520(c)-(d) and 416.920(c)-(d). Based on Ms. Gish's impairments, the Law Judge determined that she retains the following residual functional capacity:

> to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk about six hours in an 8-hour workday; sit about six hours in an 8-hour workday with only occasional climbing, balancing, stooping, kneeling, crouching, and crawling and no more than moderate exposure to fumes, odors, dusts, gases, poor ventilation, etc.

(TR 24). Given her residual functional capacity, and after consideration of plaintiff's age, education, and past work experience, as well as the testimony of a vocational expert, the Law Judge determined that Ms. Gish is capable of returning to her past relevant work as an

administrative assistant, clerical worker, fast food manager, and front end supervisor. (TR 25). The Law Judge also determined that, even if Ms. Gish were unable to return to these past relevant work positions, she is capable of working as a bookkeeper/accountant, eligibility clerk in social welfare, or general office clerk at either the light or sedentary exertional level; as an inventory clerk or food counter person at the light exertional level; and as a cashier or bookkeeper at the sedentary level. (TR 25-26). Therefore, the Law Judge ultimately concluded that Ms. Gish is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(e) and (f). Ms. Gish then filed a request for review with the Social Security Administration's Appeals Council. On August 30, 2004, the Appeals Council denied Ms. Gish's request for review and adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Ms. Gish now appeals to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether the plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The Law Judge sufficiently

considered plaintiff's alleged symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. Therefore, there is substantial evidence to support the Commissioner's finding that plaintiff is not disabled.

The record contains substantial evidence to support the Law Judge's determination of plaintiff's residual functional capacity. Ms. Gish presented at the Lewis-Gale Clinic on September 4, 2000 with complaints of chest pain. (TR 101). Dr. Steven Ridout diagnosed musculoskeletal chest pain with likely costochondritis. (TR 101). On September 23, 2001, Ms. Gish was laid off from her employment as an administrative assistant when her company was sold. (TR 209-10). In December 2001, Ms. Gish reported chest pain and pressure to her treating nurse practitioner, Kim White. (TR 125). Nurse White noted that Ms. Gish was tender over and under the left breast. (TR 125). Nurse White diagnosed Ms. Gish as having probable costochondritis. (TR 125).

Ms. Gish returned to Nurse White in April 2002 with a viral infection and accompanying dry cough. (TR 120). Chest X-rays taken on April 15, 2002 were consistent with air space disease. (TR 116). Nevertheless, at an exam on April 15, 2002, Nurse White noted that Ms. Gish's lungs were clear and that she was not experiencing wheezing. (TR 112). At another visit on April 26, 2002, Ms. Gish reported continuing problems with coughing and feeling easily winded. (TR 107). Nurse White's notes from that visit reflect a new diagnosis of chronic obstructive pulmonary disease and also note that Ms. Gish planned to stop smoking. (TR 107).

Ms. Gish was tested at the Pulmonary Function Lab of Carilion Roanoke Memorial Hospital on May 15, 2002. (TR 127-30). The pulmonary function study indicated that her FEV1 was 1.47. (TR 127). Pulmonary specialist, Dr. Robert C. Keeley, noted that mild to moderate

obstruction was present that was not clearly improved immediately after bronchodilators. (TR 128). Dr. Keeley also noted that Ms. Gish's lung volumes were severely decreased and her diffusing capacity was slightly decreased. (TR 128).

After learning that Ms. Gish's pulmonary function test showed moderate obstructive disease (TR 182), Nurse White referred the plaintiff to pulmonary specialist, Dr. Jeffrey Werchowski, on June 5, 2002. (TR 131-34). Dr. Werchowski noted Ms. Gish's 27 year history of smoking, though Ms. Gish reported that she was trying to cut back and was down to one half a pack of cigarettes a day. (TR 132). Dr. Werchowski also noted that a chest X-ray taken that day showed PA projection with normal cardiac silhouette, clear lung fields. (TR 133). Dr. Werchowski opined that Ms. Gish had a moderate degree of obstructive lung disease with some response to bronchodilator therapy, but that she had no significant signs of emphysematous changes. (TR 133). Dr. Werchowski strongly recommended that Ms. Gish stop smoking, noting that she was closer to the severe than the mild range of obstructive lung disease and that she was "on the brink of being debilitated from her disease." (TR 131).

Medical consultant, Dr. Donald Williams, completed the Physical Residual Functional Capacity Assessment on November 28, 1993. (TR 149-57). Dr. Williams noted that Ms. Gish's allegations were partially credible, in that she was suffering from chronic obstructive pulmonary disease, but that she should still be able to perform light exertion as long as she avoided exposure to fumes. (TR 154). Dr. Williams found that Ms. Gish could occasionally lift 20 pounds, frequently lift up to 10 pounds, stand and/or walk about 6 hours in an 8-hour workday, and sit and/or stand about 6 hours in an 8-hour workday. (TR 150).

Ms. Gish returned to Nurse White on August 13, 2003 with complaints of dizziness. (TR

166). Ms. Gish admitted that, although she had stopped smoking for a period of time, she was smoking heavily again. (TR 166). Nurse White noted that Ms. Gish's lungs were clear with no sounds of wheezing and that her oxygen saturation was 96%. (TR 166). Nurse White determined that Ms. Gish was suffering a little hypoxia from smoking. (TR 167). Ms. Gish's blood work was normal. (TR 161).

On November 20, 2003, Ms. Gish was again suffering from chest tightness and difficulty breathing. (TR 190). Nurse White noted that Ms. Gish's breath sounds were diminished, but that she was not wheezing and that her oxygen saturation was 97%. (TR 190). At this appointment, Ms. Gish requested that Nurse White complete disability forms on her behalf. (TR 190). In a Physical Limitations Assessment form dated November 21, 2003, Nurse White stated that Ms. Gish could lift only less than 5 pounds, could stand/walk only zero to 2 hours in an 8-hour day, and could sit only up to 2 hours in an 8-hour day. (TR 185). Nurse White also noted that Ms. Gish could occasionally climb, balance, crouch, kneel, crawl, and push or pull. (TR 186). Nurse White concluded that Ms. Gish was disabled from substantial work activity because of her minimal lung capacity requiring frequent rest. (TR 187).

Nurse White also completed a Mental Limitations Assessment on November 21, 2003 noting that Ms. Gish had moderate to marked impairments in her ability to sustain concentration and attention, moderate to marked impairments in reliability, and no impairments in her social interactions. (TR 188-89). Nurse White also noted that these limitations were caused by Ms. Gish's reduced lung capacity which affects her ability to perform and function for long periods. (TR 189). Ms. Gish did not testify regarding the presence of a mental impairment. (TR 22). Ms. Gish does, however, have a history of manic depression and had been prescribed Zoloft for

depression on one occasion and Xanax on multiple occasions for anxiety. (TR 197, 168, 173-79). Ms. Gish received no mental health treatment for depression during the relevant time period. A Psychiatric Review Technique form completed by Dr. Howard Leizer on January 28, 2003 indicates that, although Ms. Gish does suffer from depression, her symptom related limitations are only slight in that she experience mild limitations in her activities of daily living, maintaining social functioning and maintaining concentration, persistence or pace. (TR 135-48).

At a hearing before the Law Judge on December 19, 2003, Ms. Gish testified that she must change positions every 15 minutes and can walk for only up to 30 minutes before she must rest. (TR 229). Ms. Gish also testified that she must rest for 4-5 hours in an 8 hour period on a good day. (TR 233). Ms. Gish did testify that she vacuums once a week, cooks meals, and drives herself to do some shopping. (TR 227, 236). In evidence submitted to the Appeals Council, Ms. Gish stated that she had obtained a handicapped placard in January of 2004. (TR 194). Ms. Gish also submitted a record from Nurse White for an office visit on August 5, 2004 in which Nurse White stated that a recent chest X-ray showed no acute process and that Ms. Gish's oxygen saturation was 97%. (TR 195). Nurse White also prescribed a home nebulizer for acute exacerbations. (TR 195).

In short, the record establishes that plaintiff retains the residual functional capacity to return to some of her past relevant work. While the plaintiff has take Xanax and experiences some depression, there is no objective medical evidence to indicate that her depression is severe. Ms. Gish is not receiving any mental health treatment for her symptoms. With regard to the plaintiff's chronic obstructive pulmonary disease, Dr. Werchowski, the plaintiff's pulmonary specialist, noted that her disease was moderate. Dr. Keeley also noted mild to moderate

obstruction. Dr. Werchowski's opinion that Ms. Gish was on the brink of becoming disabled due to her disease appears to relate to his strong recommendation that she stop smoking immediately. The plaintiff's oxygen saturation level has been normal, and she has experienced some relief with medication. Dr. Williams also found that the plaintiff's allegations were only partially credible and that she could perform some light work. Only Nurse White, an "other" medical source according to 20 C.F.R. § 404.1513(d)(1), found that the plaintiff is substantially disabled from work activity. This finding is not supported by the other evidence in the record. The court must conclude that there is substantial evidence in support of the Law Judge's finding of residual functional capacity to return to certain past relevant work roles.

Having found substantial evidence to support the Commissioner's determination that the plaintiff is not disabled, the court concludes that the Commissioner's final decision must be affirmed. In affirming the Commissioner's decision, the court does not suggest that the plaintiff is totally free of symptoms related to her chronic obstructive pulmonary disease or depression. However, there is substantial evidence to support the Law Judge's opinion that Ms. Gish can return to her past relevant work as an administrative assistant, clerical worker, fast food manager, or front end supervisor. It must be recognized that the inability to work without any subjective complaints does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). It appears to the court that the Administrative Law Judge gave full consideration to all the subjective factors in adjudicating Ms. Gish's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner, even if the court might resolve the conflicts differently. Richardson v.

8

Case 7:04-cv-00621-GEC   Document 13   Filed 04/29/05   Page 8 of 9   Pageid#: 30

Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 29th day of April, 2005.

*/s/ Glen Conrad*
United States District Judge